UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR HENDRICKS, | ) | Case No. 1:05 CV 0978 |
| | ) | |
| Petitioner, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Arthur Hendricks previously appealed without success from his jury conviction for felon in possession of a firearm, arguing that the district court erred in denying his motion to suppress incriminating statements, that there was insufficient evidence to support conviction and prosecutorial misconduct due to a rather unclear opening statement with respect to whether Officer Vargo actually saw defendant with a gun or had only been told about it. See *U.S. v. Hendricks*, 116 Fed. Appx. 684 (6th Cir. Nov. 22, 2004). He had been sentenced to 100 months plus three years of supervised release.

Hendricks has returned to the district court *pro se* on a motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence raising the following grounds presented *verbatim*:

> I. WHETHER DEFENDANT COUNSEL PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS FOR COUNSEL'S FAILURE TO PROTECT THE DEFENDANT'S DUE PROCESS RIGHTS UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION FOR NOT CHALLENGING SEPRATE ISSUE'S OF IMPROTANTS TO THE DEFENDANT GUILT OR INNOCENCE.
>
> II. WHETHER THE GOVERNMENT REPRESENTATIVE THE UNITED STATES ATTORNEY GENERAL'S OFFICE HAS SEEK

1:05 CV 0978                                                                2

        ITS CONVICTION AGAINST THE DEFENDANT WRONGFULLY, THUS, ALTHOUGH THE DEFENDANT WAS FOUND GUILTY BY AN JURY ON OTHER ELEMENTS, IS IRRELEVANT TO THE DEFENDANT'S CLAIMS OF PROSECUTORIAL MIS-CONDUCT.

  III.    WHETHER IT WAS IMPROPER CONDUCT FOR THE GOVERNMENT TO INFORM THE JURY THAT THE DEFENDANT HAD PULL THE GUN ON A KID WHICH AFFECTED THE JURY ABILITY TO JUDGE THE EVIDENCE FAIRLY.

  IV.    WHETHER ON THESE FACTS THE FAILURE OF THE PROSECUTOR TO CORRECT THE TESTIMONY OF THE WITNESS WHICH SHE KNEW TO BE FALSE AND MORE THAN ONE REGARD, DENIED DEFENDANT OF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

  V.    WHETHER THE DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE PROSECUTION EDIT THE SURVEILLANCE CAMERA TYPE FROM IT'S ACTUAL STATE.

*I. Ineffective Assistance of Trial Counsel:*

Claims of ineffective assistance of trial counsel are properly submitted for review under §2255. See *U.S. v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000); *Massaro v. U.S.*, 538 U.S. 500, 504-05, 123 S.Ct. 1690, 1693-94, 155 L.Ed.2d 714 (2003). To prevail Hendricks must demonstrate deficient performance such as unreasonable trial strategy which resulted in actual prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Massaro*, 538 U.S. at 505, 123 S.Ct. at 1694. Hendricks in his arguments acknowledges that the two prong standard from *Strickland* is his burden and contends that even a first year law student would recognize that the evidence of the recovered handgun during a warrantless illegal search should have

1:05 CV 0978                                          3

been suppressed. Hendricks, however, did not carefully read the decision from the Sixth Circuit Court of Appeals. The Sixth Circuit decision recited that defense counsel sought to suppress two evidentiary items: evidence of the recovered handgun, and Hendricks' admission of ownership of that handgun. On the morning of trial the court heard testimony on the motions and the court order relevant to handgun recovery stated:

> I find that the police officers entered the apartment with consent. That the defendant himself had no ownership interest of the apartment, and that for the reason he has no standing to object to the entry into the apartment.

*U.S. v. Hendricks*, 116 Fed. Appx. 684, 687 (6th Cir. Nov. 22, 2004).

Obviously, trial counsel had moved to suppress evidence relating to the handgun's recovery, so there is no factual basis for Hendricks' claim of deficient performance. Hendricks' argument essentially is a challenge to the trial court's decision. He feebly attempts to characterize his argument as an effectiveness argument claiming that counsel failed to adequately brief the court on the governing law. In effect Hendricks is contending that the trial court was not sufficiently knowledgeable of search and seizure law. It is telling that Hendricks' appellate counsel refused to raise this argument. (See §2255 Motion, response to question 11). Stated with a good deal of judicial decorum, Hendricks is greatly mistaken in his views of the governing law.

Review of a challenge to the trial court's ruling is barred because it was clearly an argument that could have been presented on appeal. See *Murr v. U.S.*, 200 F.3d 895, 900 (6th Cir. 2000); *Massaro*, 538 U.S. at 504. Nevertheless, the undersigned will gratuitously attempt to straighten out

1:05 CV 0978                                              4

Hendricks' misunderstandings.  Contrary to Hendricks' argument, a first year law student or perhaps more accurately second year student, would understand:

> The Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). The prohibition does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched, see *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), or from a third party who possesses common authority over the premises, see *United States v. Matlock, supra*, 415 U.S. at 171, 94 S.Ct. at 993.

*Illinois v. Rodriguez*, 497 U.S. 177, 181, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990).

A "casual, transient visitor does not have a reasonable expectation of privacy in his host's home." See *U.S. v. Berry Hill*, 352 F.3d 315, 317 (6th Cir. 2000). The leaseholder of an apartment can give her consent to allow the search. See *U.S. v. Scott*, 578 F.2d 1186, 1189 (6th Cir. 1998). Thus, this warrantless entry fell within one of the exceptions to the general rule that a search warrant is required. Trial counsel did not act deficiently in failing to raise a frivolous argument.

Hendricks confuses the situation in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), which sets out the principle permitting limited searches of an arrestee's person and the area from where weaponry or evidentiary items are accessible. Hendricks argues that he was unable to leave the apartment after the police officer arrived and his situation was tantamount to that in *Chimel*. What Hendricks overlooks though is that the leaseholder had given her consent for the search of the apartment. Notwithstanding the limitation in *Chimel*, this consent provided broad

1:05 CV 0978                                              5

legal authority for a search of the premises and not simply the immediate area where Hendricks was present.

Hendricks next argues that defense counsel should have raised an argument under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), concerning pat-down searches. However, considering that the gun was found in the bottom of a hallway dresser it would have made no sense to argue that there had been a "seizure" of Hendricks' person in another attempt to force the circumstances into a *Chimel*-type situation. Simply stated, the officers were legally permitted to engage in all three types of warrantless searches. Each exception is not mutually-exclusive of the other, but compound.

Hendricks then argues that Lois Jester had stated to the officers that she would "check" to see if there was a gun in the house. Based on this statement, Hendricks argues that the apartment lessee did not give Officer Vargo or any other officer the right to "search" the apartment but had given the right only to "check." Officer Vargo did testify that based on Ms. Jester's permission he "started checking the residence for the weapon." (TR. 7). Hendricks moreover admits in his brief that the word check has multiple meanings including "to verify or audit" or "to investigate." (Brief at 4). Obviously in reasonable context Ms. Jester and Officer Vargo were not talking about leaving an item for safekeeping such as "checking" a coat at the door. She gave the officers permission "to investigate." Hence there was consent for entry and search.

1:05 CV 0978                                                                  6

Next, Hendricks argues that defense counsel should have argued for suppression under *U.S. v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93 (1951), concerning the exigency exception. He believes counsel should have argued that no exigent circumstances existed to justify the warrantless search. However what distinguishes *U.S. v. Jeffers* from *Illinois v. Rodriguez* is that in *U.S. v. Jeffers* did not involve circumstances where an individual was present who had the authority to allow entrance and a search. Likewise Hendricks' reliance on cases such as *U.S. v. Rivers*, 825 F.2d 152 (7th Cir. 1987) and *U.S. v. Loy*, 191 F.3d 360 (3rd Cir. 1999), concerning anticipatory search warrants has no application since there was a consensual search in this matter. As explained earlier, there is no question that the warrantless search was consensual hence constitutionally permissible.

Buried in Hendricks' third ground, he alleges defense counsel was ineffective for failing to object to the statement to the jury that defendant pulled a gun on a "kid" (Brief at 14-15). Hendricks refers to portions of the transcript where Officers Vargo and Gardner testified that they had observed on the video monitor Hendricks point a gun at "another male." (Brief at 14-15). Even if defense counsel had objected to the prosecution's reference to "kid" instead of "male" as the individual who Hendricks had pointed a firearm, Hendricks does not show actual prejudice since the age of assault victim was irrelevant.

Finally buried under his fifth ground, Hendricks argues that trial counsel was deficient for failing to object to the version of the surveillance tape which was played before the jury (Brief at 19-20). Hendricks argues that the original version of the surveillance tape was very dark and if it had been shown to the jury in its original version it would put into question Officer Mayfield's

1:05 CV 0978                                              7

observation as to whether he had actually seen a gun or was speculating as to whether the defendant was actually armed. Hendricks has apparently forgotten that Officer Mayfield had originally been observing a monitor and the tape was only a recording of what he had seen on the monitor. Officer Mayfield's testimony that he had seen a gun in Hendricks' hands while observing Hendricks on the monitor would not be put in question by the quality of the videotape.

*Remaining Grounds II, III, IV and V:*

The government responds that Hendricks has an obligation to establish both cause and prejudice to excuse the procedural default for not presenting these grounds previously on his direct appeal. It is well established that defendant's failure to raise an argument at trial or on direct appeal is waived on collateral review on motion to vacate, set aside or correct sentence absence a showing of both cause and actual prejudice or actual innocence. See *Murr v. U.S.*, 200 F.3d at 900; *Massaro*, 538 U.S. at 504 ("The background for our discussion is the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."); *Bousley v. U.S.*, 523 U.S. 614, 622-24, 118 S.Ct. 1604, 1611-12, 140 L.Ed.2d 828 (1998).

Hendricks states that the cause of the failure to appeal grounds two through five was the appellate counsel's failure to do so. As *Bousley* illustrates, appellate counsel's deficient performance may serve as cause. *Id.*, 523 U.S. at 622-24, 118 S.Ct. at 611-12. This raises a secondary issue which as explained in *Joshua v. DeWitt*:

1:05 CV 0978                                    8

> A defendant is entitled to effective assistance of counsel in connection with a defendant's first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Yet, appellate counsel need not raise every nonfrivolous argument on direct appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). To be sure, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S, 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting *Jones*, 463 U.S. at 751-52, 103 S.Ct. 3308). Appellate counsel, however, is required to exercise reasonable professional judgment. *Jones*, 463 U.S. at 753, 103 S.Ct. 3308. Nevertheless, "only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

*Id.*, 341 F.3d 430, 441 (6th Cir. 2003).

So the question distills into whether any of Hendricks' four remaining grounds was a winning argument.

Hendricks cannot show that he had winning arguments because the central themes running through several arguments of prosecutorial misconduct involve one of the issues that had been resolved on appeal- whether Officer Vargo had actually observed Hendricks on the monitor or had only been informed of what had transpired by Officer Mayfield, and the issue from his first §2255 ground of suppression of evidence of the handgun recovery. Obviously repackaging these arguments will not overcome either waiver, or for that matter, estoppel against relitigation.

Essentially the claims under his second ground relate to the warrantless search. As explained in the gratuitous discussion on Hendricks' first §2255 ground, this is a meritless argument and

1:05 CV 0978                                             9

appellate counsel's decision not to raise it was not deficient performance. Hendricks' third ground relates to the prosecutor's statement that Hendricks had pulled a gun on a "kid." The argument had not been presented previously on appeal, but there certainly can be no prejudice to the defense due to the reference to an apparently young male as a "kid." The fourth ground resurrects the same argument presented on appeal concerning what Officer Vargo had actually seen. Finally under the fifth ground the argument is that there was a denial of due process to "alterate" the surveillance camera tape to make the images more visible. Again, there was no prejudice since the surveillance video only exemplified the testimony of what Officer Mayfield had seen. Hendricks has not overcome the bar to review of the merits of these belated claims by establishing "cause" through deficient performance of appellate counsel.

*Evidentiary Hearing:*

Hendricks pleads for an evidentiary hearing in his response simply by recapsulizing his prior arguments including the permission to "check" as opposed to "search" for a gun. He further claims that during the course of an evidentiary hearing he will present the issue of ineffective assistance of appellate counsel (Brief in Response to Quash at 2-3). The general rule is, however, "[a]n evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. U.S.*, 178 F.3d 778, 782 (6th Cir. 1999). The district court's denial of the motion to vacate will be upheld where "the files and records of the case conclusively establish that the petitioner is entitled to no relief." *Murr*, 200 F.3d at 900; *Baker v. U.S.*, 781 F.2d 85, 92 (6th Cir. 1986). As explained in discussing Hendricks' first ground of ineffective assistance of trial counsel, he has not shown deficient performance, and he has not demonstrated "cause" to excuse

1:05 CV 0978                                          10

the procedural default barring review of his remaining grounds. The record conclusively establishes that Hendricks is entitled to no relief.

*Actual Innocence:*

As a final note, "actual innocence" may overcome the failure to excuse a procedural default. *Bousley*, 523 U.S. at 624. But this "means factual innocence, not mere legal insufficiency." *Id.*, citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 1518-19, 120 L.Ed.2d 269 (1992). Hendricks does not make a case for actual innocence. Rather he seeks to exculpate himself through suppression of evidence and by blaming the prosecution for inflammatory or misleading remarks.

### *CONCLUSION AND RECOMMENDATION*

Based on the arguments raised in the motion to vacate sentence under 28 U.S.C. §2255, the files and records conclusively establish that Hendricks is not entitled to relief nor an evidentiary hearing. 28 U.S.C. §2255 Rule 8(a), *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995), *cert. denied*, 516 U.S. 1098 (1996); *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986), *cert. denied*, 479 U.S. 1017 (1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983), *cert. denied* 465 U.S. 1038 (1984). It is recommended that his motion be denied.

                                                          s/James S. Gallas
                                                    United States Magistrate Judge

1:05 CV 0978                                                      11

    *ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: November 28, 2007