UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

------------------------------------------------------

ARTHUR HENDRICKS,

        Petitioner,

vs.

UNITED STATES,

        Respondent.

CASE NO. 1:05-CV-00978

OPINION & ORDER
[Resolving Docs. 1, 6, 7, 8.]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court decides whether to adopt Magistrate Judge James S. Gallas's Report and Recommendation as to Arthur Hendricks's ("Hendricks") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1.]

For the reasons presented below, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Gallas with three minor modifications and **DENIES** the Petitioner's motion.

# I. Background

On November 25, 2002, a grand jury charged Hendricks with violation of 18 U.S.C. § 922(g)(1), "alleging that on or about September 8, 2002, Hendricks, having been previously convicted of Felonious Assault and Aggravated Assault, knowingly possessed a firearm that had moved in interstate commerce." [Doc. 6, at 3-4; Doc. 7 at 1.]

Case No. 1:05-CV-00978
Gwin, J.

On December 30, 2002 and March 7, 2003, Hendricks filed two motions to suppress the statement he made admitting ownership of the firearm at issue. [Doc. 6, at 4.] On January 21, 2003 and March 10, 2003, the Government opposed both motions. *Id.* On March 17, 2003, the Court held a suppression hearing and ultimately denied both motions. *Id.*

On March 17, 2003, the jury trial in the case began. [Doc. 6, at 4.] The jury found Hendricks guilty as charged in the indictment, and on July 8, 2003, the District Court sentenced him to 110 months of imprisonment followed by three years of supervised release. [Doc. 1, at 1; Doc. 6, at 4.]

Hendricks then challenged the conviction on appeal on three grounds: 1) He alleged that the district court erred in denying his motion to suppress evidence of the statement he gave to the police indicating that he owned the firearm; 2) He claimed that the evidence was constitutionally insufficient to support his conviction; and 3) He said that the prosecutor's misstatement in opening argument constituted prosecutorial misconduct and deprived him of a fair trial. *United States v. Hendricks*, 116 Fed.Appx. 684 (6th Cir. 2004). On November 22, 2004, the Sixth Circuit rejected these three arguments and affirmed the Petitioner's conviction and sentence. *Id.*

On April 15, 2005, Petitioner Hendricks, *pro se*, filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1.] With his motion, Hendricks raises the following five grounds of relief:

> I. WHETHER DEFENDANT COUNSEL PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS FOR COUNSEL FAILURE TO PROTECT THE DEFENDANT'S DUE PROCESS RIGHTS UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION FOR NOT CHALLENGING SEPRATE ISSUE'S OF IMPROTANTS TO THE DEFENDANT GUILT OR INNOCENCE.
>
> II. WHETHER THE GOVERNMENT REPRESENTATIVE THE UNITED

Case No. 1:05-CV-00978
Gwin, J.

> STATES ATTORNEY GENERAL'S OFFICE HAS SEEK ITS CONVICTION AGAINST THE DEFENDANT WRONGFULLY, THUS, ALTHOUGH THE DEFENDANT WAS FOUND GUILTY BY AN JURY ON OTHER ELEMENTS, IS IRRELEVANT TO THE DEFENDANT'S CLAIMS OF PROSECUTORIAL MIS-CONDUCT.
>
> III. WHETHER IT WAS IMPROPER CONDUCT FOR THE GOVERNMENT TO INFORM THE JURY THAT THE DEFENDANT HAD PULL THE GUN ON A KID WHICH AFFECTED THE JURY ABILITY TO JUDGE THE EVIDENCE FAIRLY.
>
> IV. WHETHER ON THESE FACTS THE FAILURE OF THE PROSECUTOR TO CORRECT THE TESTIMONY OF THE WITNESS WHICH SHE KNEW TO BE FALSE AND MORE THAN ONE REGARD, DENIED DEFENDANT OF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.
>
> V. WHETHER THE DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE PROSECUTION EDIT THE SURVEILLANCE CAMERA TYPE FROM ITS ACTUAL STATE.

[Doc. 1.]

On April 22, 2005, this Court referred the Petitioner's motion to Magistrate Judge James S. Gallas for a report and recommendation. [Doc. 4.]

On May 31, 2005, the United States responded to the Petitioner's motion. [Doc. 6.] Petitioner Hendricks then responded to the Government's brief on June 8, 2005. [Doc. 8.]

On November 28, 2007, Magistrate Judge Gallas issued his Report and Recommendation. [Doc. 9.]

With regard to the Petitioner's ineffective assistance of counsel claim, Magistrate Judge Gallas found that Hendricks's counsel was not ineffective. [Doc. 9, at 3.] He first responded to the Petitioner's argument that his counsel was ineffective for failing to suppress the firearm at issue: "[T]rial counsel had moved to suppress evidence relating to the handgun's recovery, so there is no factual basis for Hendricks' claim of deficient performance." *Id.*

Case No. 1:05-CV-00978
Gwin, J.

The Magistrate Judge then characterized the remainder of Hendricks's Fourth Amendment claims as challenges to the trial court's decision itself. *Id.* After stating that he was barred from considering these arguments because they were not raised on appeal, he responded to each Fourth Amendment claim and ultimately rejected them on their merits as well. [Doc. 9, at 3-6.]

As to the Petitioner's ineffective assistance of counsel claim in his third ground for relief, that his counsel should have objected to the prosecutor's statement that Hendricks pulled a gun on a "kid," the Magistrate Judge rejected this argument because Hendricks failed to establish prejudice. [Doc. 9, at 6.]

Finally, as to the Petitioner's ineffective assistance of counsel claim in his fifth ground for relief, that his counsel was ineffective for failing to object to the version of the surveillance tape played to the jury, the Magistrate Judge again rejected this argument for failure to show prejudice. [Doc. 9, at 7.]

With regard to the Petitioner's second, third, fourth and fifth grounds for relief, the Magistrate Judge found that Hendricks did not raise these claims on his direct appeal. *Id.* He further found that the Petitioner could not establish cause to excuse the default: "Hendricks has not overcome the bar to review of the merits of these belated claims by establishing 'cause' through deficient performance of appellate counsel." [Doc. 9, at 7-9.] Accordingly, the Magistrate Judge rejected these challenges as well. [Doc. 9, at 9.]

The Magistrate Judge ultimately recommended:

> Based on the arguments raised in the motion to vacate sentence under 28 U.S.C. § 2255, the files and records conclusively establish that Hendricks is not entitled to relief nor an evidentiary hearing. It is recommended that his motion be denied.

[Doc. 9, at 10.] (citations omitted).

Case No. 1:05-CV-00978
Gwin, J.

## II. Discussion

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which an objection has been made. *See* [28 U.S.C. § 636(b)(1)](). Parties must file any objections within ten days "after being served with a copy" of the Report. *Id*; *see also* [Doc. 9, at 11.]. They waive their right to appeal the Recommendation if they fail to object within the time allowed. *See, e.g.*, [Thomas v. Arn, 474 U.S. 140 (1985)](); [United States v. Walters, 638 F.2d 947 (6th Cir. 1981)]().

Here, on November 28, 2007, Magistrate Judge Gallas issued a Report and Recommendation. [[Doc. 9.]]() As of December 18, 2007, neither party has objected to his Recommendation. Having conducted its own review of the parties' briefs on the issue, the Court agrees with the conclusions of Magistrate Judge Gallas and adopts the Report and Recommendation as its own with three modifications.

First, the Court corrects the Magistrate Judge's inadvertent mistake regarding the Petitioner's sentence: the trial court sentenced the Petitioner to 110 months, rather than 100 months, of imprisonment. [[Doc. 1, at 1](); [Doc. 6, at 4](); [Doc. 9, at 1.]()]

Second, with regard to the Petitioner's ineffective assistance of counsel claim, the Court notes that the record from the trial court proceedings does not indicate that Petitioner's trial counsel moved to suppress the firearm at issue in the case. Rather, the Court, when addressing Hendricks's motion to suppress his statement admitting ownership of the firearm, also addressed the validity of the entry and search of the apartment and the seizure of the firearm. Transcript of Motion to Suppress Hearing at 43-44, [United States v. Hendricks, 1:02-CR-00482]() (Doc. 51). However, even if trial counsel failed to raise this argument, the Court agrees with and incorporates the Magistrate

Case No. 1:05-CV-00978
Gwin, J.

Judge's finding that the officers' entry and search of the premises was valid based on the resident's consent.  See *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990).  Because the search was valid, the Court agrees with the Magistrate Judge that trial counsel's performance was not deficient and prejudicial as described in *Strickland* for failing to make this Fourth Amendment argument to suppress the firearm before the trial court.  See *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984).

Finally, as to the Petitioner's fourth claim, the Court adds that the Petitioner also fails to excuse his procedural default for failure to establish prejudice.  Even if Officer Vargo had testified falsely and the prosecutor failed to properly correct him, the Petitioner is unable to establish that the failure of his counsel to challenge these errors resulted in actual prejudice to his defense.  Therefore, here as well, the Petitioner is unable to establish ineffective assistance of counsel as cause to excuse his procedural default of this claim.

The Court incorporates the remainder of Magistrate Judge Gallas's findings of fact and conclusions of law fully herein by reference.

### III.  Conclusion

For the reasons discussed above, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Gallas with three minor modifications and **DENIES** the Petitioner's motion.


Dated:  December 18, 2007            s/         James S. Gwin
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE